UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| MWENDA MURITHI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:24-cv-01425-CSB |
| | ) | |
| LATOYA HUGHES, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff, proceeding pro se under 42 U.S.C. § 1983 alleges Defendants violated his constitutional rights.

Relevant to this case, the Court's Merit Review Order (Doc. 7) found that Plaintiff stated a First Amendment retaliation claim against Defendant Thomas Dayton based on Dayton's actions related to the October 2023 cell search and related occurrences.

IT IS THEREFORE ORDERED:

1. Pursuant to its merit review under 28 U.S.C. § 1915A, the Court finds that Plaintiff states a First Amendment claim against Defendant Dayton. Plaintiff's remaining allegations do not plausibly state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). All Defendants aside from Dayton are therefore to be terminated. Additional claims shall not be included in this case, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

2. This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for all Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

3. The Court will attempt service on Defendants by mailing a waiver of service. Defendants have 60 days from service to file an Answer. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' position. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the answer is necessary or will be considered. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4. If Defendants no longer work at the address Plaintiff provided, the entity for whom Defendants worked while at that address shall submit to the Clerk Defendants' current work address, or, if not known, Defendants' forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5. If Defendants fail to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect service, to include either sending another waiver form, or at the Court's discretion, effecting formal service through the U.S. Marshals Service on Defendants, which will require Defendants to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

6. This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendants' counsel copies of motions and other documents that Plaintiff has filed with the Clerk. **However, this does not apply to discovery requests and responses.** Discovery requests and responses are not filed with the Clerk. Plaintiff MUST mail discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

7. Counsel for Defendants are hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8. Plaintiff shall immediately inform the Court, in writing, of any change in Plaintiff's mailing address and telephone number. Plaintiff's failure to notify

the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9. Within 10 days of receiving from defense counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to defense counsel.

10. The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

11. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

Entered this 26th day of August, 2025.

*s/Colin S. Bruce*
Colin S. Bruce
UNITED STATES DISTRICT JUDGE